HERBERT MUEHLSTEIN et al., Plaintiffs, *v.* LEONARD MORTGAGE Co., INC., Defendant.

Supreme Court, Special Term, New York County, September 22, 1949.

*Francis N. Pollack* for defendant.

*Barney Rosenstein* for plaintiffs.

RABIN, J. This is a motion to dismiss the complaint for alleged insufficiency and for lack of jurisdiction of the subject of the action. The complaint alleges that the rents of plaintiffs were increased by the Federal Area Rent Director "without any prior notice to any of the plaintiffs" (paragraph NINTH), and that the defendant's application for a rent increase made under certain sections of the regulations issued by the Federal Housing Expediter was processed under a different section without notice to plaintiffs. In *Wasservogel* v. *Meyerowitz* (275 App. Div. 387) the Appellate Division in this department, by a divided court, held invalid a regulation of the Housing Expediter authorizing a retroactive rent adjustment without prior notice to a

tenant of the pendency of the landlord's application for an increase. The regulations of the Housing Expediter presently in force require notice to tenants of a landlord's application for a rent increase and an opportunity to present objections (Rent Procedural Regulation No. 2, Code of Federal Regulations, tit. 24, §§ 840.103, 840.104). If plaintiffs, as they alleged in the complaint, received no notice, the rent increase order was invalid under the regulations above referred to. The holding in *Wasservogel* v. *Meyerowitz* (*supra*) that this court may declare invalid a retroactive increase authorized by the Housing Expediter without notice to a tenant would seem to require a determination here that this court similarly possesses jurisdiction to hold invalid a rent increase authorized by the Housing Expediter without notice in violation of the pertinent regulations.

The motion to dismiss the complaint is accordingly denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.